## SHEETZ *et al. v.* HANBEST.

The act of 1869 disqualifies a party as a witness when the other party is dead, although he would not have been disqualified prior to that act.

Briggs, J., and Thayer, J., concurring; Hare, P. J., and Mitchell, J., dissenting.

**Rule to take off nonsuit.**

Opinion delivered March 21, 1874, by

BRIGGS, J. The plaintiffs are creditors of John D. Lentz, and are claiming the fund in court as against the defendant's executors, the holders of Lentz's judgment note to Hanbest for $10,000. The plaintiffs allege *inter alia*, that this note was obtained by Hanbest from Lentz by fraud. An issue having been found to determine that question, the plaintiffs at the trial called Lentz as a witness. The defendants objected to his competency upon the ground that he was rendered incompetent by the act of April 15, 1869, and Hanbest's death. This objection was sustained, and the plaintiffs having no further testimony a judgment of nonsuit was entered.

Whether this was right is now the question, and upon this question (Judge Lynd being absent from sickness) the court stand divided, two members being of the opinion that Lentz was not affected by the act of

1869, inasmuch as he would have been a competent witness had that act not been passed ; under the doctrine of the cases of Galway's Appeal, 10 C. 242.; Smith's Executors *v.* Wagenseller, 9 H. 491 ; Ferree *v.* Thompson, 2 P. F. S. 353, while the two remaining members of the court are of the opinion that the act of 1869 not only enabled Hanbest to testify if living, but upon his death it disabled Lentz, the surviving party to the note, from testifying. His incompetency is not put upon the ground of interest, but of policy. It being impolitic to permit one party to a contract to give his version when the lips of the other party are sealed in death. In construing the act of 1869, in Karns *v.* Tanner, 16 P. F. S. 305, the present chief justice uses this expressive language : "Where one of two parties to a transaction is dead, the survivor and the party representing the deceased party stand on an unequal footing as to knowledge of the transaction occurring in the lifetime of the deceased. The enacting clause had opened the lips of all the parties, but when death came it closed the lips of one, and even-handed justice required the mouths of both to be sealed."

As bearing upon this view the cases of Graves *v.* Griffen, 7 H. 176 ; Alum's Executors *v.* Carroll's Administrators, 17 P. F. Smith 68 ; Watts *v.* Leidig, 29 Legal Intelligencer, 1872, page 293, are also in point.

A bill of exceptions being sealed, without doing more than to state the views of the respective divisions of the court, the case is respectfully submitted to umpirage of the supreme court.

Rule discharged.

HARE, P. J., and MITCHELL, J., dissenting.

The act of 1869 is entirely an enabling act. The proviso excepts from the operation of the act certain cases, as to which the law remains as it was before the passage of the statute. It is conceded that the witness would have been competent at common law; Ferree *v.* Thompson, 2 P. F. S. 353 ; and we are of opinion that nothing in the act disqualifies him. There is no decision of the supreme court reported, in which any witness has been held incompetent who would have been competent before the act of 1869.